[Civ. No. 18504. Second Dist., Div. One. Dec. 4, 1951.]

ADA DAVIS FRANCIS, as Executrix, etc., Respondent, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

Edmund G. Brown, Attorney General, James E. Sabine and Edward Sumner, Deputy Attorneys General, for Appellant.

Hesney, Price, Postel & Parma and Paul D. Kolyn for Respondent.

DRAPEAU, J.—J. D. Perry Francis was a resident of the State of Missouri for many years. While in that state he was divorced from his wife. Incident to the divorce, he made a property settlement and agreement to pay her $25,000 a year, in monthly installments. He made these payments until the lady died in 1945. She remained a resident of Missouri until her death.

In January of 1942, Mr. Francis moved from Missouri to Santa Barbara, California, and became a resident of Cali-

fornia. He continued to be a resident of this state until he died in 1950.

In computing his personal income tax in California for the years 1943 and 1944, Mr. Francis deducted from his gross income payments made to his former wife during those years. These deductions were disallowed by California's Franchise Tax Commissioner, who assessed an additional tax against Mr. Francis of $912.45 for 1943, and $1,417.15 for 1944.

Mr. Francis paid the additional tax under protest, and made demand for refund. His demand was refused, and he brought this action for recovery of the amounts paid. When he died in 1950, Ada Davis Francis, executrix, was substituted as plaintiff. In 1949 the Legislature abolished the office of Franchise Tax Commissioner, created the Franchise Tax Board, and provided that actions like this do not abate but continue in the name of the Franchise Tax Board.

Judgment was against the state, from which judgment appeal has been perfected.

But one problem is presented, which may be summarized as follows: May a divorced husband, a resident of California, deduct from his gross income alimony paid to a nonresident former wife, when he computes his income tax in this state?

The attorney general argues that in the case of nonresidents gross income for California income tax purposes includes only income from sources within this state; that the right of the former wife to receive $25,000 a year from her former husband was intangible personal property which had its situs at her domicile in Missouri; that income of nonresidents from intangible personal property is not income from sources within this state unless the property has acquired a business situs here; that the concluding sentence in section 17317.5 of our Personal Income Tax Law provides that in computing net income: "If the amount of any payment is . . . stated not to be includible in the husband's gross income, no deduction shall be allowed with respect to that payment under this section"; and that it was not the purpose of the Legislature of this State to permit alimony payments such as this to be deducted from gross income of a resident of California.

Respondent argues that sections 17104 and 17317.5 of the law specifically authorize and permit such deductions to be made. Section 17104 provides: "In the case of a wife who is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, periodic payments (whether or not made at regular intervals) received sub-

sequent to such decree in discharge of, or attributable to property transferred (in trust or otherwise) in discharge of a legal obligation which, because of the marital or family relationship, is imposed upon or incurred by such husband under such decree or under a written instrument incident to such divorce or separation shall be includible in the gross income of such wife. Such amounts received as are attributable to property so transferred shall not be includible in the gross income of such husband.''

Section 17317.5 provides: ''In computing net income there shall be allowed as a deduction, in the case of a husband described in Section(s) 17104 . . . amounts includible under those sections in the gross income of his wife, payment of which is made within the husband's taxable year.''

No cases have been found, or brought to the attention of this court, which bear directly upon the problem. From analysis and consideration of the Personal Income Tax Law as a whole, it appears to this court that our Legislature did not intend to make any distinction between California husbands paying alimony to nonresident wives, and California husbands paying alimony to resident wives. It would be unjust state policy to penalize men who come here to live, and to deny them the right to deduct alimony paid to former wives who live in other states. It is logical to conclude that property brought to California, which is the source from which payments to nonresident wives are made, fixes the situs of the obligation in this state, with the right in the taxpayer to claim such alimony as a deduction from his gross income.

The judgment is affirmed.

White, P. J., and Doran, J., concurred.

A petition for a rehearing was denied December 26, 1951, and appellant's petition for a hearing by the Supreme Court was denied January 31, 1952. Traynor, J., voted for a hearing.